2-11, 5-20, Anthony Pelletier v. Indian Prairie School District Good morning, Justice's Council. May it please the Court, my name is Chris Williams. I'm with the Law Firm of Perez-Green Associates. I represent the petitioner in this matter, Anthony Pelletier. The only issue in this case is whether a petitioner's fall arose out of his employment. That's it. I contend that there is no dispute as to the facts of this case, thus the correct standard of review is de novo. We know that the case is reviewed de novo because of the first cash case, which is relied upon in my briefs, my opponent's briefs, and the Commission actually relied only on this case. The facts are undisputed and susceptible to only a single reasonable inference. We believe the decision of the Commission in this case is wrong as a matter of law and request that the decision of arbitrator Kinneman be reinstated. Let's talk about what we can agree upon. You've agreed this is an unexplained fall case, correct? Correct. And would you agree that there's an injury, there's a risk to an employee, it has to be a risk that is something that the claimant is exposed to more than the general public, correct? Correct. In itself, the actor traversing a flight of stairs does not expose the claimant to a greater risk of harm than that faced by the public, correct? Correct. Claimant acknowledged immediately after the accident that he may have just missed a step, this quote-unquote, correct? He may have missed a step. He may have missed a step. Correct. So what specific evidence is there that he didn't just miss a step? It doesn't amount to mere speculation. Okay. Well, this is my problem with the Commission's decision in general is that they focus on the miss a step portion, which is the mechanism of the fall, not necessarily the cause of the fall. And the arbitrator laid out, she found three reasonable employment risks. First, there was the crowd of students around him that may have caused the distraction. Secondly, there was the stair treads extended from the horizon. Third, there was salt on the steps. Which one was it? Which one? Which one? Which one was it? We don't know. It's unexplained. And he doesn't know. He doesn't know, exactly. And that's the crux of the issue. He doesn't know. It's pure speculation. Well, then every unexplained fall would be pure speculation, then. Absolutely. Because you can't prove proximate cause. And if you can't prove proximate cause, you can't recover. Okay. But there's... That's First Cash. First Cash? That's exactly what First Cash says. Well, it says it's speculation. If you don't know what caused you to fall, you cannot connect it to your employer. And if you can't connect it to your employer, you can't establish proximate cause. However, there are employment risks associated with walking up the stairs. What are they? The students all around is what the arbitrator contends is. No. He said may. In First Cash... Who said may? Fleming James. It may have been caused by the students. It may have been caused by the salt. It may have been caused by what else? The risers. It may have been caused by a meteorite. It may have been caused by the sinking of a ship. Okay. Or an earthquake. Or an earthquake. First Cash quoted Fleming James. It has to exist within the realm of probability, not merely the realm of possibility. If it only exists within the realm of possibility, it is pure speculation. And the trier of fact may not draw the inference. Period. And that's what First Cash is all about. If you don't know what caused you to fall, you can't recover. Because you can't establish proximate cause. But if you're exposed to employment risks... And if you can establish that that employment risk caused you to fall, fine. Then you can recover. There has to be a causal connection between the risks. Okay, the stairs are full of students. But he never testified that this actually caused him to be distracted. He thought there was debris. But even the arbitrator says, right, there was no evidence of any debris on the stairs. Absolutely. Salt. I mean, and he himself says he doesn't have any idea why he fell. So because there's possibilities, he recovers based on what? Based on the fact that he is in a situation... That he fell. It's not a neutral risk in my opinion. He's walking upstairs. He's in a supervisory role in a school surrounded by students that are passing from one period to another. And I haven't been in high school in a while, but I'd imagine in the middle of a passing period, the kids are rushing from one class to another. So can we announce a new rule that every time a teacher is in between classes and he falls, it must be compensable because there's a lot of students around? I mean, can you see the problem with that? I can see the problem with that. However, he's walking upstairs. And I just have a problem with the fact that everyone's harping on the missing a step explanation, whereas we don't really know what caused the missing of the step. And we have reasonable explanations for it. No, you have possibility. That's what you're not willing to accept. You only have possibilities. And you can't recover on a possibility. You just can't do it. But in that case, no unexplained fall would ever be recoverable. That's true. They're not. They're not recoverable. You're 100% right. Who wrote First Cash? I'll tell you this. It was a learner of justice who wrote it. Do you know who wrote it? You gentlemen wrote it. Actually, I wrote it. You wrote it? Yeah. Okay. But this case is distinguishable from First Cash, though. In First Cash, the woman was walking into a bathroom to retrieve an item. It had literally nothing to do with her employment. And there were no defects present. I mean, that's a neutral risk. She testified that she'd seen dirt on the floor and air. At a point in time, she didn't say that. She said that maybe there was dirt that day. But she said in previous time there had been dirt. And there might have been dirt. What did First Cash say? It's pure speculation. That says it's pure speculation. Because she didn't know what caused her to fall. She was asked the question. She was asked, but we don't know what caused her to fall. But there were no risks associated with her being in the bathroom at that moment. Whereas, in our case, there are significant risks. He's walking upstairs. He's surrounded by students. There's salt in the risers. That's speculation. I agree. The debris, the pens and pencils, that's speculation. However, the fact that there are students all around, that's not something the public is exposed to. You're not exposed to teenagers. But the mere fact of students doesn't make it compensable. You've conceded there has to be some connection, some role between the students that bears on what happened. The mere fact of students in a high school, is that that? Traversing through between classes. But, again, so every time somebody falls in a high school, there's a recovery because they're students. That's really what you're saying. I can't think about it. There's a failure of proof problem. Do you agree? In other words, he didn't say I got bumped by a student or I was tripped by a student. Well, he doesn't know what happened. That's our problem. We don't know. That's why you can't recover. Because unless you know something that you can connect to your employer, the students, the SALT, the RISER, you can't recover. This is a positional risk. If we were a positional risk, you'd recover 100%. But we're not a positional risk. You've got to connect it to your employment. I believe we have. Which one? Is it the SALT? It's most probable. We don't know the answer. It's unexplained. You've just answered the appeal by exactly what you said. And you're being quite honest. Yes. You don't know the answer. He testified that he doesn't know the answer. Yes. An employer is not an insurer of all risks. Okay. The Act says you are, in effect, quote, unquote, an insurer of risks only related to your employment. So going up and down stairs is a risk that we all, in everyday life, assume. Yes. But had he been carrying a box upstairs and fell, and he didn't know why he fell, but he was just carrying a box, then we would be in a different situation, correct? Arguably. Possibly. Possibly. Because the box had something to do with his fall. Well, I'm assuming it had something to do with his employment. He was carrying a box upstairs. So I'm arguing that the student's being around is a risk inherent to his employment. He's surrounded by kids, and he's going upstairs. Well, some of us probably don't want to be surrounded. That's true. But you've got to attach something to what happened there. I mean, how did that surrounded by kids result in his injuries? Well, he doesn't know. You're about to say he doesn't know. That's the problem. You're right. That's the problem. I mean, he doesn't know. We have an unexplained case. That's why the record is very small. I mean, the testimony was almost nothing. He doesn't know what happened. Next time you will. Ha! You didn't hear that. But there were risks associated with his employment. And as I've outlined, the three risks that the arbitrator found reasonable were the students, the risers, and the salt on the floor. Well, the problem is it's a failure to prove. Don't blame yourself. I mean, let's be blunt about it. If he had said, as Justice Stewart indicated, somebody bumped into him, something fell, he got distracted, you're trying to elevate the mere fact there are students in there means the students must have caused the fall. But even you have to concede there's no testimony of that. There's nothing. Well, we have a case. But he doesn't know. I mean, so he was honest. He didn't know what happened. Well, give him a point for asking. But that doesn't necessarily mean that the employment did not cause it or did not contribute to the fall. No, it just means that he can't prove it. I think we understand your argument. Okay. So I will ask that you please reverse the decision of the commission and reinstate that of arbitrary accountability. Thank you. Thank you. Counsel, please. You probably don't have to tell us the facts, Counsel. Good morning, Justice Counsel. May it please the Court. Elizabeth Capoletti on behalf of Indian Prairie School District 204. I believe you all understand my argument very clearly that, yes, there are circumstances where, quote, unexplained falls do arise out of employment, but that's because there are employment risks that elevate them beyond the risks that are exposed to by the general public. It's clear that risks are broken down into three categories. We have employment risks that are distinctly inherently employment-oriented. We have personal risks, risks that are distinctly associated with the employee. And then we have neutral risks, risks that we all are exposed to on a daily basis. I'd submit this is a neutral risk, he's traversing upstairs. And I appreciate that Counsel is arguing that the children in the hallway, I believe it was crowded, but that's a risk that we all deal with on a daily basis. Every time I get on the L tracks, every time I go into the Daily Center and unfortunately have to go to the 25th floor, there are people around me. It's a neutral risk. So the question becomes, is there something about the employment that increases the risk beyond that to which the general public is exposed? And the answer is here, no. There's just no proof of it. And I would concede, if he had testified, hey, I was walking up the stairs, Johnny asked me if he could come and have a meeting with me. I turned around and I saw him. I missed a step. I agree that that could be a possible probable inference that he was distracted by Johnny, Johnny talking to him. Or Johnny bumped into him, caused him to miss a step. But that's not in this record. I mean, the only testimony in this record was he was in a passing period, at the end of the passing period, and there were children around him. It's just speculation to say he's distracted to begin with. I mean, that's just speculation. And then it's speculation upon speculation to say he's distracted by kids. I mean, brain research shows that our mind wanders 49 percent of the day. Every six seconds, our mind is wandering. I mean, he could have been distracted because he was thinking about his upcoming vacation. So I believe that First Cash is directly on point. And the commission relied on it appropriately for the meaning of establishing what a reasonable inference is. It cannot just be possible. It has to be probable. So I could go buy a lottery ticket now, and is it possible that I'm going to win the lottery? Certainly it's possible. But can we reasonably infer that I will probably win the lottery? No. And that's what this case is about. I mean, I would completely agree. It's just a failure proof. There's just nothing in this record which ties his fall to any increased employment risk. What is in the record is that he was honest. He was truthful. He went to the doctor. He said, I missed a step. It had nothing to do with debris. It had nothing to do with students. It had nothing to do with loose risers. Those are all possibilities. I'm not disagreeing with you. I mean, they're all possibilities. But it's not reasonable and probable. Therefore, you cannot make the reasonable inference that those were the cause of his fall. We would submit to you that the decision of the commission should be affirmed as it is, supported by the manifest weight of the evidence. And I would just like to address that. I do believe the appropriate standard is manifest weight. We are dealing with inferences here. And even if the facts are undisputed, if you can have more than one inference, it's still a question of fact. And it's still a question of fact to be decided by the commission. And I would submit that the record does support the commission's finding. So unless you have any other questions for me. Thank you, Counsel. Thank you. The court will take the matter under advisement for disposition.